```
            IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
NATHAN A. CHAPMAN, JR.,
                                *
     Petitioner,
                                *
         v.                         CIVIL NO.:    WDQ-03-0301
                                *   CRIMINAL NO.: WDQ-08-1268
UNITED STATES OF AMERICA,
                                *
     Respondent.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending is Nathan A. Chapman, Jr.'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the papers and the record and determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Chapman's motion will be denied.

I.  Background

On August 12, 2004, a jury found Chapman guilty on 23 counts of wire fraud, mail fraud, false statement to a federal government agency, investment advisory fraud, false statement on tax returns, and aiding and abetting.[1] On November 1, 2004,

---

[1] The jury acquitted Chapman of seven counts of wire fraud, mail fraud, false statement on tax returns, false statement in connection with loan application, and engaging in monetary transactions in property derived from specified unlawful activity. The jury hung on two other counts of false statement on tax returns.

1

Chapman was sentenced to 90 months imprisonment, three years of supervised release, restitution of $5,000,856, and a special assessment of $2,300.

On December 8, 2006, the Fourth Circuit affirmed Chapman's conviction, but remanded for resentencing in accord with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Chapman*, 209 F. App'x 253 (4th Cir. Dec. 8, 2006).[2] On May 14, 2007, the Supreme Court denied certiorari. *Chapman v. United States*, 127 S. Ct. 2286 (2007).

On May 14, 2008, Chapman filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

II. Analysis

A. Standard of Review

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance of counsel, Chapman must show that: (1) counsel's deficient performance (2) prejudiced his defense. *Id.* at 687. Chapman must establish that counsel made errors so serious that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Chapman must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

---

[2] On February 20, 2007, Chapman was resentenced to 63 months imprisonment.

been different." *Id.* at 694.

Judicial scrutiny of attorney performance asks whether counsel's assistance was reasonable under the circumstances. *Id.* at 688. This scrutiny is highly deferential. *Id.* at 689.

B. Discussion

1. *Batson* Challenge

Chapman argues that his trial counsel was ineffective because he failed to raise properly a *Batson* objection to the Government's peremptory challenges and preserve the issue for appeal. The Government counters that the *Batson* challenge was reviewed by the trial Court and the Fourth Circuit.

The Government may not use its peremptory challenges to exclude minority jurors solely because of their race. *Batson v. Kentucky*, 476 U.S. 79, 91-92 (1986). Chapman's counsel raised *Batson* objections at trial, and the Court considered and overruled them. Trial Tr. vol. 1, 189-94, June 14, 2004. The Fourth Circuit affirmed because there was no evidence that the Government struck jurors based on their race. *Chapman*, 209 F. App'x at 261-64.

Absent evidence of the Government's racial animus or racially tainted verdicts, Chapman has not shown that he was prejudiced by his counsel's alleged deficient performance. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (mere allegations unsupported by evidence are not enough to show

3

prejudice on an ineffective assistance of counsel claim), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).

2. Decision Not To Request a Mistrial

Chapman directed his lawyer to move for a mistrial; he argues that counsel was ineffective when he ignored that direction. The Government counters that counsel made a tactical decision that did not prejudice Chapman.

Attorneys have a duty to consult with their clients on important decisions about the case, but not on "'every tactical decision.'" *Florida v. Nixon*, 543 U.S. 175, 187 (2004) (*quoting Taylor v. Illinois*, 484 U.S. 400, 417-18 (1988)). Counsel generally has superior knowledge of a defendant's case and the criminal legal process, and is therefore in a better position to make tactical decisions. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998). The only decisions on which a client *must* be consulted as a matter of law are "'whether to plead guilty, waive a jury, testify on his or her own behalf, or take an appeal.'" *Nixon*, 543 U.S. at 187 (*quoting Jones v. Barnes*, 463 U.S. 745, 751 (1983)); *Sexton*, 163 F.3d at 885.

Whether an attorney pursues a mistrial does not require client approval. *United States v. Burke*, 257 F.3d 1321, 1324 (11th Cir. 2001) ("[T]he decision to refrain from asking the court for a mistrial is a tactical decision entrusted to defense

4

counsel, binding the defendant even when the defendant expressed a contrary wish to his lawyer."); *United States v. Washington*, 198 F.3d 721, 723 (8th Cir. 1999); *Watkins v. Kassulke*, 90 F.3d 138, 143 (6th Cir. 1996); *Galowski v. Murphy*, 891 F.2d 629, 639 (7th Cir. 1989).

Chapman's counsel moved for a mistrial with prejudice because the prosecutor asked the jury to consider certain loans and use of a credit card in deciding whether Chapman breached a fiduciary duty, after the Court had ruled that the evidence was not admissible for that purpose. Trial Tr. vol. 27, 189, July 29, 2004. The Court agreed that the comment was improper and offered to grant a mistrial without prejudice. *Id.* 189-190. Wanting only a mistrial with prejudice, counsel chose to continue the trial.[3] Chapman's counsel determined in his professional judgment that going forward with that jury was the "reasonable and prudent course of action."[4] William R. Martin Aff. ¶ 6, July 22, 2008. Chapman's counsel was within his discretion as attorney to move forward with the case, even though it was against Chapman's wishes.[5]

---

[3] According to counsel, Chapman concurred in the decision to continue with trial, in part because of recent publicity that he thought would be favorable to his case. Martin Aff. ¶ 5.

[4] Chapman's counsel also conferred with the other defense counsel before deciding to move forward with the case. Martin Aff. ¶ 5.

[5] Chapman has submitted an affidavit by his counsel, Nathaniel E. Jones, Jr., that 1) when the Court asked defense

5

Further, Chapman has failed to show prejudice.  He has not demonstrated that trial before a different jury would have ended with his acquittal.  *Strickland*, 466 U.S. at 694.  As a result, Chapman's second claim of ineffective assistance of counsel must fail.

III. Conclusion

For the reasons discussed above, Chapman's motion will be denied.

<table>
<tr><td>August 18, 2008<br>Date</td><td>         /s/         <br>William D. Quarles, Jr.<br>United States District Judge</td></tr>
</table>

---

counsel if he wanted a mistrial he heard Chapman tell counsel that he wanted a mistrial, and 2) there was no discussion between defense counsel and Chapman about whether to accept a mistrial before counsel's decision to move forward in the case.  Nathaniel E. Jones Aff. ¶ 3, May 13, 2008.  As noted, defense counsel has the discretion to seek a mistrial and was not required to consult with the defendant about the decision.

6