```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
UNITED STATES OF AMERICA,
                              *
     Plaintiff-Respondent,
                              *
          v.                      CRIMINAL NO.:  WDQ-03-0301
                              *
NATHAN A. CHAPMAN, JR.,
                              *
     Defendant-Petitioner.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending is Nathan A. Chapman, Jr.'s *pro se* motion to defer payments until the completion of his period of incarceration. For the following reasons, Chapman's motion will be denied.

I.  Background

On August 12, 2004, a jury found Chapman guilty on 23 counts of wire fraud, mail fraud, false statement to a federal government agency, investment advisory fraud, false statement on tax returns, and aiding and abetting.[1]  On November 1, 2004, Chapman was sentenced to 90 months imprisonment, three years of supervised release, restitution of $5,000,856, and a special assessment of $2,300.

---

[1] The jury acquitted Chapman of seven counts of wire fraud, mail fraud, false statement on tax returns, false statement in connection with loan application, and engaging in monetary transactions in property derived from specified unlawful activity.  The jury hung on two other counts of false statement on tax returns.

1

On December 8, 2006, the Court of Appeals for the Fourth Circuit affirmed Chapman's conviction, but remanded for resentencing in accord with *United States v. Booker*, 543 U.S. 220 (2005).  *United States v. Chapman*, 209 F. App'x 253 (4th Cir. Dec. 8, 2006).[2]  On May 14, 2007, the Supreme Court denied certiorari.  *Chapman v. United States*, 127 S. Ct. 2286 (2007).

On August 19, 2008, the Court denied Chapman's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  On April 2, 2009, Chapman filed this motion.

II. Analysis

The Court ordered Chapman to pay a $2,300 assessment and restitution of $5,000,856 in full immediately.  Paper No. 211 at 5-6.  Chapman asks the Court to modify its judgment to defer payments until he is released from prison because the majority of his financial support has come from his friends, family, and church, and "[d]ue to the economic downturn, [he] expect[s] this support to be decreased dramatically."  Def. Mot. at 1.

A court may adjust a payment schedule if there is a "material change in the defendant's economic circumstances that might affect [his] ability to pay restitution."  18 U.S.C. § 3664(k).  Chapman has not argued--much less provided evidence--that his financial support has decreased.  He merely "expect[s]"

---

[2] On February 20, 2007, Chapman was resentenced to 63 months imprisonment.

that it will decrease because of the poor economy.  Def. Mot. at 1.  In fact, the Government has shown that Chapman received assistance in the eight months before he filed this motion comparable to what he had received from the end of 2007 to mid-2008.  Govt. Opp. at 3-4.

Because the Court can amend its restitution order if Chapman's circumstances change, "the uncertainty of his financial situation is irrelevant."  *United States v. Jaffe*, 417 F.3d 259, 267 (2d Cir. 2005) (pending litigation against defendant did not warrant modification of restitution order as appropriate time to consider modification was if and when his circumstances changed).

III. Conclusion

For the reasons discussed above, Chapman's motion will be denied.

<u>June 3, 2009</u>                              <u>        /s/               </u>
Date                                      William D. Quarles, Jr.
                                          United States District Judge